IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM DOVE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMUNITY EDUCATION CENTERS | : | NO. 12-4384 |
| INC., d/b/a GEORGE W. HILL | : | |
| CORRECTIONAL FACILITY, | : | |
| DELAWARE COUNTY PRISON | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                         November 5, 2012

Currently pending before the Court is Defendant Community Education Center's Motion to Dismiss Plaintiff's Complaint. For the following reasons, the Motion is denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises from the alleged hostility Plaintiff William Dove faced and his eventual termination from his position as a prison guard at Defendant George W. Hill Correctional Facility. (Compl. ¶¶ 10, 19, 23.) According to the facts set forth in the Complaint, Mr. Dove was hired by Defendant in or about early May, 2010. (Id. ¶ 11.) From early 2010 through early 2011, Dove was recognized as doing his job well, and he was rewarded with placement in a guard unit overseeing some of the most dangerous offenders in the prison, including convicted murderers. (Id. ¶ 13.)

In or about February, 2011, Mr. Dove informed his management that he was dealing with

depression and seeing a psychiatrist. (Id. ¶ 14.) He also informed management that he needed to take some time off from work for health reasons. (Id.) He missed two weeks of work during February of 2011, but provided management with medical documentation indicating the need for light duty on a temporary basis. (Id. ¶ 15.) From March, 2011 through June, 2011, Mr. Dove requested intermittent time off from work to deal with his health issues, which included depression, anxiety, and bi-polar disorder. (Id. ¶¶ 16, 18.) At the same time, he confided in management about his medical treatment and complained about discriminatory treatment he received as a result of his health problems. (Id. ¶ 18.) The type of hostility included (1) being subject to unfair, inaccurate, and disparate discipline; (2) being subject to disparaging comments about his mental health problems, including being openly referred to by his management as "crazy;" (3) being given inferior work assignments even when light duty was unnecessary; (4) being told he would never work in his prior unit again; and (5) being treated in a hostile and demeaning manner "in many other ways." (Id. ¶ 20.)

Plaintiff was terminated on July 1, 2011, allegedly for failing to keep a control room door secured on or about June 27, 2011. (Id. ¶ 21–22.) Dove alleges that other guards had engaged in similar conduct but were not terminated from their positions. (Id. ¶ 24.) He claims the real reason for his termination was because of his health problems, his complaints of discriminatory treatment, and for his requests for short-term and intermittent leave. (Id. ¶ 25.)

Plaintiff brought suit on August 2, 2012, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et. seq., and the Pennsylvania Human Relations Act, 43 P.S. § 951 et. seq. Defendants filed the instant Motion to Dismiss Plaintiff's FMLA claims on October 1, 2012.

Plaintiff filed a Response in Opposition on October 15, and Defendant filed a Reply on November 1, making this matter ripe for consideration.

**II.     STANDARD OF REVIEW**

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P.12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of

Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level'") (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III. DISCUSSION

Plaintiff brings suit under the FMLA for (1) interference with his FMLA rights and (2) retaliation for exercising those rights. Defendant moves to dismiss both claims.

#### A. Plaintiff's Interference Claim

The FMLA provides, in pertinent part, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title." To state a claim for FMLA interference, a plaintiff must allege that: (1) he was an eligible employee under the FMLA; (2) the defendant-employer was subject to the requirements of the FMLA; (3) he was entitled to leave under the FMLA; (4) he gave notice to the defendant of his

4

intention to take FMLA leave; and (5) he was denied the benefits to which he was entitled under the FMLA. Figueroa v. Merritt Hospitality, LLC, No. Civ.A.11-1807, 2011 WL 4389585, at *3 (E.D. Pa. Sept. 21, 2011) (citations omitted). In order to be considered an eligible employee under the FMLA, an employee must have been employed "for at least 12 months by the employer with respect to whom leave is requested . . . ; and . . . for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A).

Defendant claims that Plaintiff is not entitled to recovery because it is not clear from his complaint that he was employed for at least twelve months prior to the relevant events in this action. Defendant correctly notes that, if Mr. Dove was hired in May of 2010, he would only become eligible under the FMLA in May of 2011. In his Complaint, however, Plaintiff alleges that he requested leave beginning in March, 2011 through his termination in June, 2011. Thus, while Plaintiff may not be eligible under the Act for leave requested in March, he is certainly covered for actions occurring in May and June after he had served the requisite one year.

Additionally, Defendant argues that Plaintiff did not allege that he was denied any medical leave by Defendant prior to his termination. Under the FMLA, however, a Plaintiff need not request and be denied medical leave to recover; the mere failure to inform an employee of his FMLA rights is sufficient to establish interference if the Plaintiff suffered prejudice as a result. Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 144 (3d Cir. 2004). Plaintiff has specifically alleged that Defendant did not give him proper notification of his FMLA eligible leave during the last two months of his employment. (Compl. ¶ 37.) More importantly for purposes of this motion, however, "'[f]iring an employee for a valid request for FMLA leave may constitute interference with the employee's FMLA rights as well as retaliation against the

employee.'"  Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 301 (3d Cir. 2012) (quoting Erdman v. Nationwide Ins. Co., 582 F.3d 500, 509 (3d Cir. 2009)).  Because Plaintiff has alleged that he was fired as a result of requesting FMLA leave, he may recover under an interference theory.  Thus, Defendant's Motion is denied as it pertains to Plaintiff's interference claim.

> B.  **Plaintiff's Retaliation Claim**

A retaliation claim under the FMLA requires Plaintiff to demonstrate (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights.  Lichtenstein, 691 F.3d at 302.  An adverse employment action is one which is "'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'"  Mieczkowski v. York City Sch. Dist., 414 F. App'x 441, 445 (3d Cir. 2011) (quoting Cardenas v. Massey, 269 F.3d 251, 263 (3d Cir. 2001)).  The causation element must be considered "with a careful eye to the specific facts and circumstances encountered."  Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 n.5 (3d Cir. 2000).  Temporal proximity between the protected activity and the adverse action standing alone may create an inference of causality if the proximity is unduly suggestive.  Lichtenstein, 691 F.3d at 307.  However, "[w]here the temporal proximity is not 'unusually suggestive,' we ask whether 'the proffered evidence, looked at as a whole, may suffice to raise the inference.'"  Id. (quoting Farrell, 206 F.3d at 280).

Defendant claims that, "with the exception of his termination, Plaintiff has failed to plead sufficient facts to support a retaliation claim."  (Def.'s Opp'n Mot. Dismiss 5.)  Defendant then notes that the mere fact Plaintiff was disciplined is insufficient to show an adverse action

6

occurred. Termination, however, is the quintessential adverse employment action; pleading termination alone is enough for Plaintiff to proceed on a retaliation theory. Moreover, Plaintiff also stated that he was given inferior work assignments as a result of his medical condition and requests for leave. If true, these inferior assignments indicate an adverse change in the conditions of employment.

Defendant additionally argues that, without including specific dates of requests for leave and specific dates of alleged adverse actions, Plaintiff has not pled enough to suggest that his termination or other adverse actions were caused by his requests for and entitlement to leave under the FMLA. The Court disagrees. First, Plaintiff pleads that the alleged hostile environment occurred from February, 2011 through June, 2011. His requests for leave occurred from March, 2011 through June, 2011. The overlap of these time periods and Plaintiff's eventual termination in June certainly suggest temporal proximity. Even if temporal proximity alone was insufficient, however, Plaintiff notes that he was the target of disparaging comments about his mental health problems, including being referred to by the management as "crazy." These comments give rise to the inference that Plaintiff's termination and inferior work assignments could have resulted from his requests for medical leave under the FMLA.

Because Plaintiff has sufficiently pled facts that would give rise to a retaliation claim under the FMLA, Defendant's Motion is denied on this point.

**IV.    CONCLUSION**

For the above stated reasons, Defendant's Motion to Dismiss Plaintiff's Claims under the FMLA is denied. Plaintiff has sufficiently pled facts to suggest he was a covered employee under the FMLA entitled to leave, and Defendant both interfered with his rights under the Act

and retaliated against him for exercising those rights.

      An appropriate Order follows.